UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-19-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:20CR85 JCH-RAR |
| v. | VIOLATIONS: |
| EDUARDO AGUILAR-LINARES,<br>  a.k.a. "Bayo,"<br>  a.k.a. "Vayo,"<br>DOMINGO GUZMAN,<br>JESUS TORRUELLA,<br>FELIX CANCEL,<br>  a.k.a. "Felo,"<br>ARMANDO GONZALEZ,<br>DAVID CINTRON,<br>DANIEL ESTREMERA,<br>JOSEPH COTTO,<br>GILDARDO PEREZ-BENITEZ,<br>  a.k.a. "Jesus Ayon,"<br>XIANG QING ZHANG,<br>  a.k.a. "Jay" | 21 U.S.C. § 846 (Conspiracy to Distribute, and to Possess with Intent to Distribute, Fentanyl and Heroin)<br><br>21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 841(b)(1)(C) (Possession with Intent to Distribute and Distribution of Fentanyl) |

*United States District Court*
*District of Connecticut*
*FILED AT NEW HAVEN*
*June 3 2020*
*By Robin D. Tabora, Clerk*
*Deputy Clerk*

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to Distribute, and to Possess with Intent to Distribute, Fentanyl)

1. From approximately March 2019, through approximately March 2020, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants EDUARDO AGUILAR-LINARES, a.k.a. "Bayo," a.k.a. "Vayo," DOMINGO GUZMAN, JESUS TORRUELLA, FELIX CANCEL, a.k.a. "Felo," ARMANDO GONZALEZ, DAVID CINTRON, DANIEL ESTREMERA, JOSEPH COTTO, GILDARDO PEREZ-BENITEZ, a.k.a. "Jesus Ayon," XIANG QING ZHANG, a.k.a. "Jay," and others known and

unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that the defendants EDUARDO AGUILAR-LINARES, DOMINGO GUZMAN, JESUS TORRUELLA, FELIX CANCEL, ARMANDO GONZALEZ, DAVID CINTRON, DANIEL ESTREMERA, JOSEPH COTTO, GILDARDO PEREZ-BENITEZ and XIANG QING ZHANG, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, namely fentanyl and heroin, in violation of Title 21, United States Code, Section 841(a)(1).

Quantity Allegations For Fentanyl

3. Defendants EDUARDO AGUILAR-LINARES, DOMINGO GUZMAN, JESUS TORRUELLA, ARMANDO GONZALEZ, DAVID CINTRON, DANIEL ESTREMERA, JOSEPH COTTO and GILDARDO PEREZ-BENITEZ knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimide ("fentanyl"), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(A)(vi).

4. Defendants FELIX CANCEL and XIANG QING ZHANG knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimide ("fentanyl"), a Schedule II

controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(C).

Quantity Allegations for Heroin

5. Defendant EDUARDO AGUILAR-LINARES knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(A)(i).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Possession with Intent to Distribute 400 Grams or More of Fentanyl)

6. On or about January 24, 2020, in the District of Connecticut, the defendants EDUARDO AGUILAR-LINARES and JESUS TORRUELLA did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi), and Title 18, United States Code, Section 2.

## COUNT THREE
(Possession with Intent to Distribute 400 Grams or More of Fentanyl)

7. On or about January 24, 2020, in the District of Connecticut, the defendants EDUARDO AGUILAR-LINARES and JESUS TORRUELLA did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a

detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi), and Title 18, United States Code, Section 2.

## COUNT FOUR
(Possession with Intent to Distribute 40 Grams or More of Fentanyl)

8. On or about December 18, 2019, in the District of Connecticut, the defendants ARMANDO GONZALEZ and DAVID CINTRON did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi), and Title 18, United States Code, Section 2.

## COUNT FIVE
(Possession with Intent to Distribute 400 Grams or More of Fentanyl)

9. On or about March 13, 2020, in the District of Connecticut, the defendants DANIEL ESTREMERA and JOSEPH COTTO did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi), and Title 18, United States Code, Section 2.

## COUNT SIX
(Possession with Intent to Distribute and Distribution of Fentanyl)

10. On or about February 4, 2020, in the District of Connecticut, the defendant DAVID CINTRON did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN
(Possession with Intent to Distribute 400 Grams or More of Fentanyl)

11. On or about January 24, 2020, in the District of Connecticut, the defendant GILDARDO PEREZ-BENITEZ did knowingly and intentionally possess with intent to distribute, and did distribute, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

## SECTION 851 INFORMATION

12. Pursuant to Title 21, United States Code, Sections 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 851, upon conviction of the offenses charged in Counts One, Two and Three of this Indictment, the defendant EDUARDO AGUILAR-LINARES is subject to enhanced penalties as he has been previously convicted of a serious drug felony, as defined by Title 21, United States Code, Section 802(57) as set forth more specifically in paragraph 21 below.

13. On or about May 1, 2017, the defendant EDUARDO AGUILAR-LINARES was

convicted in the United States District Court for the Eastern District of New York, Docket No. 1:16cr00306-KAM, of Conspiracy to Possess with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(C), an offense which was punishable by up to 20 years of incarceration and for which he was sentenced to 29 months of imprisonment and a three year term of supervised release. The defendant EDUARDO AGUILAR-LINARES was released from this term of imprisonment on or about June 19, 2018.

14.     Pursuant to Title 21, United States Code, Sections 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 851, upon conviction of the offense charged in Count One of this Indictment, the defendant DOMINGO GUZMAN is subject to enhanced penalties as he has been previously convicted of a serious drug felony, as defined by Title 21, United States Code, Section 802(57) as set forth more specifically in paragraph 23 below.

15.     On or about October 10, 2008, the defendant DOMINGO GUZMAN was convicted in the United States District Court for the District of Connecticut, Docket No. 3:06cr00197 (JBA), of Conspiracy to Possess with Intent to Distribute and to Distribute Five Kilograms or More of Cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A), an offense which was punishable by up to life in prison and for which he originally was sentenced to 220 months of imprisonment and a five year term of supervised release. On November 1, 2015, DOMINGO GUZMAN's sentence was reduced to 188 months of imprisonment and a five year term of supervised release. The defendant DOMINGO GUZMAN was released from this term of imprisonment on or about August 26, 2019.

16.     Pursuant to Title 21, United States Code, Sections 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 851, upon conviction of the offense charged in Count One of this Indictment, the defendant FELIX CANCEL is subject to enhanced penalties as he has been previously convicted

of a serious drug felony, as defined by Title 21, United States Code, Section 802(57) as set forth more specifically in paragraph 25 below.

17. On or about May 16, 2008, the defendant FELIX CANCEL was convicted in the United States District Court for the District of Connecticut, Docket No. 3:07CR00058 (AWT), of Conspiracy to Possess with Intent to Distribute and to Distribute One Kilogram or More of Heroin, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A), an offense which was punishable by up to life in prison and for which he was sentenced to 240 months of imprisonment and a five year term of supervised release. The defendant FELIX CANCEL currently is serving this term of imprisonment.

18. Pursuant to Title 21, United States Code, Sections 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 851, upon conviction of the offenses charged in Counts One and Five of this Indictment, the defendant DANIEL ESTREMERA is subject to enhanced penalties as he has been previously convicted of a serious drug felony, as defined by Title 21, United States Code, Section 802(57) as set forth more specifically in paragraph 27 below.

19. On or about February 11, 2009, the defendant DANIEL ESTREMERA was convicted in the United States District Court for the District of Connecticut, Docket No. 3:07CR00058 (AWT), of Conspiracy to Possess with Intent to Distribute and to Distribute One Kilogram or More of Heroin, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A), an offense which was punishable by up to life in prison and for which he was sentenced to 120 months of imprisonment and an eight year term of supervised release. The defendant DANIEL ESTREMERA was released from this term of imprisonment on or about March 22, 2018.

All in accordance with Title 21, United States Code, Sections 802(58), 841(b)(1)(A),

(b)(1)(B), (b)(1)(C) and 851.

## FORFEITURE ALLEGATION

20. Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Seven of this Indictment, the defendants EDUARDO AGUILAR-LINARES, a.k.a. "Bayo," a.k.a. "Vayo," DOMINGO GUZMAN, JESUS TORRUELLA, FELIX CANCEL, a.k.a. "Felo," ARMANDO GONZALEZ, DAVID CINTRON, DANIEL ESTREMERA, JOSEPH COTTO, JESUS AYON and XIANG QING ZHANG shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841, 843 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

29. If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

_____
LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

_____
GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY