**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. |
| v. | : | 3:20-CR-00085 (JCH) |
| | : | |
| XIANG QING ZHANG, | : | |
| Defendant. | : | JUNE 9, 2025 |

**RULING ON PRO SE MOTION TO RECONSIDER SENTENCING (DOC. NO. 483)**

**I.    INTRODUCTION**

Pending before this court is defendant Xiang Qing Zhang ("Mr. Zhang")'s Motion to Reconsider Sentencing, filed on February 24, 2025.  See Pro Se Motion to Reconsider Sentencing ("Def.'s Mot.") (Doc. No. 483).  Mr. Zhang asks the court to reduce the fine imposed in his sentence from $10,000 to $9,999, to avoid the possible immigration consequences that he says could result from a five-figure fine.  See Def.'s Mot. at 1.  The government opposes the Motion.  See Government's Response to Defendant's Motion to Reduce the Fine Imposed by the Court ("Mem. in Opp.") (Doc. No. 488).

For the reasons stated below, the Motion is denied.

**II.    BACKGROUND**

On June 3, 2020, a Federal Grand Jury returned a seven-count Indictment against Mr. Zhang and nine co-defendants.  See Indictment (Doc. No. 35).  On October 25, 2021, Mr. Zhang pled guilty to Count One of the Indictment, which charged him with conspiracy to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C).  See Plea Agreement (Doc. No. 197) at 1.

The Plea Agreement provides that "the defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. . . . Indeed, because the defendant is pleading guilty to conspiracy to distribute . . . fentanyl . . . removal is presumptively mandatory. . . . The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States."  Plea Agreement at 6-7.

On January 5, 2023, the court sentenced Mr. Zhang to a four-year term of probation, and a $10,000 fine payable at a rate of $200 per month or ten percent of his monthly income, whichever is greater.  See Judgment (Doc. No. 391).  On February 24, 2025, Mr. Zhang filed the instant Motion pro se to reduce his fine from $10,000 to $9,999, which he argues will mitigate the possible immigration consequences of his conviction.  See Def.'s Mot.  On March 5, 2025, the court appointed counsel for Mr. Zhang, but no further briefing in support of the Motion was filed.

## III.  DISCUSSION

Mr. Zhang asks the court to reduce its imposed fine from $10,000 to $9,999, because "[t]he $10,000 fine categorizes [his] offense as an aggravated felony, which . . . jeopardizes his lawful permanent resident status."  Def.'s Mot. at 3.  Mr. Zhang argues that reducing the fine by $1 will remove the offense's status as an 'aggravated felony, and spare him the "harsh and unintended immigration consequences of the current sentence."  Id. at 4.

The court notes at the outset that this request appears to be based on an error of law.  The term "aggravated felony," as it is used in immigration law, is defined to include

2

any "drug trafficking crime," including "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.). . . . :" See 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2).  Because Mr. Zhang plead guilty to conspiracy to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, his offense is likely an "aggravated felony" for immigration purposes regardless of the size of the fine imposed by the court.  The court uses the word "likely" because it is not the role of this court to decide what, if any, immigration consequences stem from Mr. Zhang's conviction, and the court does attempt to do so here.  The court will not render an advisory opinion on such consequences and did not reach its decision here on the basis of immigration consequences.

Instead, the court denies Mr. Zhang's Motion for failure to cite an adequate legal basis for his requested relief.  In his Motion, Mr. Zhang cites three legal authorities for modifying a court's sentence, none of which is applicable here.  First, Mr. Zhang cites Rule 35(a) of the Federal Rules of Criminal Procedure, which provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  The court rejects this basis because Mr. Zhang's Motion was made outside of the 14-day window, and because it cites to no "error" in the court's sentence.  The second basis that Mr. Zhang's Motion cites is 18 U.S.C. § 3582(c), the statutory provision that underlies motions for compassionate release.  However, this provision, by its terms, applies to "[m]odification[s] of an imposed term of imprisonment," 18 U.S.C. § 3582(c) (emphasis added), and the court did not sentence Mr. Zhang to any term of imprisonment.  See Judgment (Doc. No. 391).

Finally, Mr. Zhang claims he was deprived of his Sixth Amendment right to effective assistance of counsel, because his attorney failed to "inform him of the adverse immigration consequences of the $10,000 fine." Def.'s Mot. at 2.[1] The court rejects this basis for two reasons. First, while in rare cases a claim of ineffective assistance of counsel may entitle a defendant to "withdraw his guilty plea," see United States v. Thomas, 651 F. Supp. 3d 685, 692 (S.D.N.Y. 2023), Mr. Zhang does not seek to do so here. Instead, he argues that ineffective assistance of counsel can be the basis for a reduction of his sentence. As the Second Circuit has stated clearly, however, ineffective assistance of counsel is not a "mitigating factor to be considered at sentencing," it requires a more drastic remedy, one "specifically tailored to the constitutional error". United States v. Carmichael, 216 F.3d 224, 227 (2d Cir. 2000). Thus, the court cannot rely on ineffective assistance as a basis for reducing Mr. Zhang's sentence.

Second, the court is not persuaded that Mr. Zhang has made any showing of ineffectiveness. Mr. Zhang does not claim that his prior attorney failed to advise him of immigration consequences generally, only that the attorney failed to advise him of the special significance he argues comes with a $10,000 fine. However, as the court has already observed, the immigration consequences of his conviction do not appear to this court to turn on the size of the fine. Further, the Plea Agreement contains detailed and

---

[1] The court does not construe Mr. Zhang's Motion as an application for a writ of habeas corpus, because he is applying for relief to the court which sentenced him. See 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective"). Further, were the court to construe his Motion as an application for a habeas writ, such an application would be time-barred because it was made outside the one-year limitations period prescribed in section 2255(f).

explicit language about possible, even mandatory removal, resulting from the conviction.  Thus, the court rejects this asserted factual basis for finding ineffective assistance of counsel.

Because none of these grounds provides a basis for granting the relief Mr. Zhang seeks, his Motion is denied.

## IV.    CONCLUSION

For the reasons stated above, Mr. Zhang's Motion to Reconsider Sentencing (Doc. No. 483) is denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 9th day of June 2025.


 /s/ Janet C. Hall_____
Janet C. Hall
United States District Judge